**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTATE OF CONNOR GOLEMBIEWSKI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TUTHILL CORPORATION, et al., <br><br> Defendants. | Civil Action No. 19-18096 (MAS) (TJB) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Tuthill Corporation's ("Defendant") Motion to Transfer Venue, or in the Alternative, to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3). (ECF No. 4.) Plaintiffs Estate of Connor Golembiewski ("Golembiewski"), Michael Golembiewski as Administrator of the Estate, and Michael and Veronika Golembiewski inidividually (collectively, "Plaintiffs") opposed (ECF No. 5), Defendants replied (ECF No. 6), and Plaintiffs filed a sur-reply without leave of Court (ECF No. 7). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court grants Defendant's request to transfer the matter to the United States District Court for the Middle District of Pennsylvania.

## I. BACKGROUND

On or about January 1, 2019, Connor Golembiewski visited the Blue Mountain Resort, operated by Defendant in Carbon County, Pennsylvania. (Compl. *3, ECF No. 1.)[1] While at the Resort, Golembiewski fell from a chairlift and suffered fatal injuries. (*Id.*; *see* Dailey Certification ¶¶ 7, 14–15, ECF No. 4-2.) In eleven various tort claims, Plaintiffs assert that Golembiewski's fatal injuries were a result of Defendant's negligence, (Compl. *3), such as allowing hazardous conditions to exist on the property, (*id.*), negligently operating or maintaining machinery, (*id.* at *4, 7), or negligently supervising patrons, (*id.* at *8–9), among other similar allegations, (*see generally* Compl.).

Plaintiffs are domiciled in New Jersey. (*Id.* at *1.) Defendant is a Pennsylvania corporation with its principal place of business in Pennsylvania.[2] (*Id.* at *2.) Plaintiffs assert the Court has subject matter jurisdiction on the basis of diversity of citizenship. (*Id.* at *2–3.) Plaintiff also asserts the Court has personal jurisdiction over Defendant because:

> [Defendant] advertises and markets services and/or products and otherwise conducted business with the State of New Jersey and/or because it knowingly or intentionally conducted business within the State of New Jersey by reasonably anticipating and agreeing that agreements for services and/or products would be entered into by individuals and/or companies located in the State of New Jersey.

(*Id.* at *2.) Defendant timely moved to transfer this matter to the United States District Court for the Middle District of Pennsylvania, or alternatively, to dismiss the matter for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) or for improper venue pursuant

---

[1] Page numbers preceded by an asterisk refer to the page number in the ECF header.

[2] Defendant's principal place of business in Palmerton, Pennsylvania, (Dailey Certification ¶ 3), is within the United States District Court for the Middle District of Pennsylvania.

2

to Rule 12(b)(3). (Def.'s Mot. to Dismiss 2, ECF No. 4.) Defendant acknowledges that it is subject to personal jurisdiction in the Middle District of Pennsylvania. (*See* Dailey Certification ¶ 10.)

## II.   LEGAL STANDARD

### A.   Personal Jurisdiction

For the purposes of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), the "plaintiff must prove by affidavits or other competent evidence that [personal] jurisdiction is proper." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (internal quotation marks and citation omitted). "[T]he plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence . . . not mere allegations." *Patterson v. FBI*, 893 F.2d 595, 603-04 (3d Cir. 1990) (internal quotation marks and citation omitted); *see also Metcalfe*, 566 F.3d at 330. When the district court does not hold an evidentiary hearing, "the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

### B.   Venue

On a Federal Rule of Civil Procedure 12(b)(3) motion, the burden is on the moving party to show improper venue. *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982); *see also Ass'n of Am. Physicians & Surgeons, Inc. v. Am. Bd. of Med. Specialties*, No. 13-2609, 2014 WL 1334260, at *4 (D.N.J. Apr. 2, 2014). Similar to a motion based on personal jurisdiction, a court considering a motion pursuant to Federal Rule of Civil Procedure 12(b)(3) must accept the allegations of the complaint as true, unless contradicted by the defendant. *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 158 n.1 (3d Cir. 2012) (citation omitted). In cases with multiple claims, venue must be proper as to each claim. *Fortay v. Univ. of Miami*, No. 93-3443, 1994 WL

3

62319, at *12 n.19 (D.N.J. Feb. 17, 1994); *see also Fesniack v. Equifax Mortg. Servs. LLC*, No. 14-3728, 2015 WL 2412119, at *9 (D.N.J. May 21, 2015).

The test for determining proper venue under § 1391 is not the defendant's contacts with the district, but rather the locations of those events or omissions giving rise to the claim. *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994). Moreover, "events or omissions that might only have some tangential connection with the dispute in litigation are not enough." *DaimlerChrysler Corp. v. Askinazi*, No. 99-5581, 2000 WL 822449, at *6 (E.D. Pa. June 26, 2000) (citations and internal quotation marks omitted). The events must have been substantial under § 1391 for venue to be proper. *Pa. Gear Corp. v. Fulton*, No. 98-1538, 1999 WL 80260, at *2 (E.D. Pa. Jan. 26, 1999). In order to determine if the act which gave rise to the claim is substantial, "it is necessary to look at the nature of the dispute." *Cottman Transmission Sys.*, 36 F.3d at 295.

### C. Transfer

A federal district court may transfer a civil action to a different venue under 28 U.S.C. § 1404(a) or § 1406(a). Section 1404 states "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." § 1404(a).

Section 1406 provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." § 1406(a). The Third Circuit has explained that "[§] 1404[] provides for the transfer of a case where both the original and the requested venue are proper. Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case." *Jumara v. State Farm*

4

*Ins. Co.*, 55 F.3d 873, at 878 (3d Cir. 1995).[3] When deciding a motion to transfer venue, a district court should be mindful that "the plaintiff's choice of venue should not be lightly disturbed." *id.* at 879 (citation omitted), so long as the plaintiff's choice is "one among the permissible options," *Al-Ghena Int'l Corp. v. Radwan*, 957 F. Supp. 2d 511, 526 (D.N.J. 2013).

## III. DISCUSSION

The Court must transfer this matter to the United States District Court for the Middle District of Pennsylvania because venue is improper in the District of New Jersey. Venue is proper in a judicial district "in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1).[4] For venue purposes, a defendant corporation "shall be deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).[5] Because Defendant argues that venue is improper and the Court lacks personal jurisdiction over Defendant, the Court first discusses whether it has personal jurisdiction over Defendant.

---

[3] In moving to transfer this matter, Defendant relies only upon 28 U.S.C. § 1404 rather than 28 U.S.C. § 1406, despite also arguing that the Court lacks personal jurisdiction over Defendant and that venue is improper in this district. Because a district court may sua sponte transfer a case to a court of proper jurisdiction under § 1406, *Decker v. Dyson*, 165 F. App'x 951, 954 n.3 (3d Cir. 2006), the Court also considers transfer under § 1406.

[4] Venue is also proper in any judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). Because the substantial part of the events or omissions in this matter occurred in Pennsylvania and Plaintiffs argue venue is proper only under § 1391(b)(1), (Pls.' Opp'n Br. 10, ECF No. 5), the Court does not discuss venue under § 1391(b)(2).

[5] Defendant acknowledges, and the Court agrees, that this action could originally have been filed, and venue would be proper, in the Middle District of Pennsylvania because Defendant resides in that district pursuant to § 1391(b)(1). (*See* Dailey Certification ¶ 10.)

5

### A.     Personal Jurisdiction

"A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law. New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Miller*, 384 F.3d at 96 (internal citations omitted). "Thus, parties who have constitutionally sufficient minimum contacts with New Jersey are subject to suit there." *Id.* (internal quotation marks omitted).

A federal district court may exercise two types of personal jurisdiction: general jurisdiction and specific jurisdiction.[6] *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–15 (1984); *see also O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). Specific jurisdiction allows a court to exercise jurisdiction over a non-resident defendant where: (1) the defendant "purposefully directed its activities at the forum"; (2) the litigation "arise[s] out of or relate[s] to at least one of those activities"; and (3) the exercise of jurisdiction "comports with fair play and substantial justice." *O'Connor*, 496 F.3d at 317 (internal quotation marks and citations omitted).[7] "The defendant need not be physically located in the state while committing the alleged acts." *Al-Ghena*, 957 F. Supp. 2d at 528 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). "Nor is specific jurisdiction defeated merely because the bulk of the harm occurred outside the forum." *Id.* (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 780 (1984)).

The Court must first determine whether Defendant purposefully directed its activities at New Jersey. Plaintiffs argue that this element is met because Defendant "not only advertised [its]

---

[6] Because Plaintiff raises the issue of general jurisdiction but does not argue that it exists here, (*see* Pls.' Opp'n Br. 12), the Court only discusses specific jurisdiction.

[7] The Court need not assess specific jurisdiction on a claim-by-claim basis here because there is sufficient factual overlap between Plaintiffs' tort claims. *See O'Connor*, 496 F.3d at 317 n.3.

6

business in . . . New Jersey, but also [has] an interactive website on which lift tickets, lessons, rentals[,] and tickets to events can be purchased by New Jersey residents." (Pls.' Opp'n Br. 13, ECF No. 5; *see also* Compl. *2–3.) Defendants argue that "[a]ny contacts with New Jersey were incidental or sporadic and do not satisfy the requirements for specific jurisdiction." (Def.'s Moving Br. 18.) For specific jurisdiction based on a defendant's operation of a commercially interactive website, "there must be evidence that the defendant purposefully availed itself of conducting activity in the forum state, by directly targeting its website to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003) (internal quotation marks omitted).

Taking Plaintiffs' allegations as true and construing all factual disputes in Plaintiffs' favor, the Court finds that Defendant has purposefully directed activities at New Jersey by advertising to New Jersey residents and by operating a commercial website used by New Jersey residents. *See Tristar Prods., Inc. v. SAS Grp., Inc.*, No. 08-6263, 2009 WL 3296112, at *3 (D.N.J. Oct. 9, 2009) (finding that the defendant directed activities at New Jersey through interactive website).

Next, the Court determines whether the litigation arises out of or is related to Defendant's activities directed at New Jersey. In evaluating the relatedness requirement for tort claims, "the Third Circuit has opted for an enhanced 'but-for-test.'" *Al-Ghena*, 957 F. Supp. 2d at 532 (citing *O'Connor*, 496 F.3d at 321). It is not enough that a defendant's activities directed at the forum are a but-for cause of the litigation—"specific jurisdiction requires a closer and more direct causal connection." *O'Connor*, 496 F.3d at 324; *Al-Ghena*, 957 F. Supp. 2d at 532. "The animating principle behind [this element] is the notion of tacit quid pro quo that makes litigation in the forum reasonably foreseeable." *O'Connor*, 496 F.3d at 322. "The causal connection [between the defendant's activities directed at the forum and the plaintiff's claims] can be somewhat looser than

7

the tort concept of proximate causation, but it must nonetheless be intimate enough to keep the quid pro quo proportional and personal jurisdiction reasonably foreseeable." *Id.* at 323.

Defendant argues that any contact it has with New Jersey "does not have a sufficient causal connection to the claims of [Plaintiffs]." (Def.'s Moving Br. 18.) Plaintiff argues that the relatedness requirement is satisfied because "Plaintiff's claims are directly related [to Defendant's] contacts with the State of New Jersey through both the advertising of [D]efendant's business and through sale of its goods and services to New Jersey residents." (Pls.' Opp'n Br. 15.)

Here, there is an insufficient causal connection between Defendant's activities directed at New Jersey and Plaintiff's claims to support personal jurisdiction over Defendant. Defendant directs activities at New Jersey by advertising or seeking the commerce of New Jersey residents on its website. Plaintiffs, however, do not allege that they received any advertisements or used Defendant's interactive website. (*See generally* Compl.; Pls.' Opp'n Br.) Even if Golembiewski interacted with Defendant's advertisements or website and alleged those activities were a but-for cause of Golembiewski attending the resort, those interactions would likely lack a causal connection to Plaintiffs' claims. This matter does not relate to Defendant's advertising practices or sales of its products and services, but the alleged negligence Defendant and its agents at its resort in Pennsylvania. Even taking Plaintiffs' allegations as true and construing all factual disputes in Plaintiffs' favor, *Miller Yacht Sales,* 384 F.3d at 97, the Court finds that this litigation is not sufficiently related to Defendant's activities directed at New Jersey to confer specific jurisdiction over Defendant.

### B. Transfer Under 28 U.S.C. § 1406

Because the Court lacks personal jurisdiction over Defendant, venue is improper under § 1391(b)(1). The Court, therefore, has the discretion to transfer the case or dismiss it. *Al-Ghena,* 957 F. Supp. 2d at 525 (citing 28 U.S.C. § 1406). "Dismissal is considered to be a harsh remedy

. . . and transfer of venue to another district court in which the action could originally have been brought, is the preferred remedy." *Id.* (citation omitted). Defendant acknowledges that this action originally could have been filed in the Middle District of Pennsylvania and that venue and personal jurisdiction would be proper there, and the Court agrees. The Court, accordingly, shall transfer this matter to the Middle District of Pennsylvania.

## IV.   CONCLUSION

Because the Court lacks personal jurisdiction over Defendant and venue is improper, the Court transfers this matter to the United States District Court for the Middle District of Pennsylvania.

/s/ Michael A. Shipp

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**
